# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:14CR00003 |
| v. | ) | **OPINION** |
| | ) | |
| **CARLOS PERRY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia for United States; Charles Lee Bledsoe, Bledsoe Law Office, P.C., Big Stone Gap, Virginia, for Carlos Perry, Defendant.*

The defendant, Carlos Perry, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He raised multiple claims, including an ineffective assistance of counsel claim for failing to note an appeal. The government filed a Motion to Dismiss. I held an evidentiary hearing limited to the appeal issue, and by oral order, dismissed that claim. After reviewing the record, I will grant the United States' Motion to Dismiss with regard to Perry's remaining claims.

I.

Perry perpetrated a scheme to defraud workers' compensation insurance programs. He was charged in a three-count Information with mail fraud, in violation of 18 U.S.C. § 1341 ("Count One"), and two counts of aggravated

identity theft, in violation of 18 U.S.C. § 1028A ("Counts Two and Three"). Perry pleaded guilty, pursuant to a written plea agreement, to the three charges of an Information.

At the guilty plea hearing, Perry affirmed that he had had an adequate opportunity to read and discuss the Plea Agreement with counsel before signing it. (Plea Hr'g Tr. 6-7, ECF No. 54.) Perry further affirmed that he was "fully satisfied with [his] attorney's representation." (*Id.* at 7.) The prosecutor summarized the terms of the Plea Agreement. Both the prosecutor and I advised Perry that for Count One, he faced a maximum statutory penalty of not more than twenty years' imprisonment and for Counts Two and Three, a mandatory statutory penalty of two years. (*Id.* at 7, 11-12.) The prosecutor also explained that the government had the right to seek a sentence outside of the applicable guidelines range. Finally, the prosecutor recited that Perry agreed to pay restitution in the amount of $105,962.34 to Erie Insurance Company, $27,473.67 to Auto Owners Insurance Company, and $4,745.89 to Amguard. (*Id.* at 9.)

Perry affirmed his understanding that by pleading guilty, he gave up his right to appeal and to collaterally attack his sentence except on matters that cannot be waived under the law or that allege ineffective assistance of counsel. (*Id.* at 10-11.) Perry affirmed that no one had made any promises to him other than those contained in the Plea Agreement to cause him to plead guilty and that no one had

threatened him or attempted to force him to plead guilty. (*Id*. at 11.) He stated that he understood that I had the authority to impose a sentence either more or less severe than his guidelines sentencing range. (*Id*. at 13.) I found that Perry was fully competent and capable of entering an informed plea and that his guilty plea was knowingly and voluntarily made. (*Id.* at 19.)

The government filed a Motion for an Upward Variance requesting that Perry receive a sentence of 120 months' imprisonment based on his extensive criminal history. Perry's counsel responded, opposing an upward variance and suggesting a total sentence of not more than 71 months. Counsel noted that Perry promptly confessed and cooperated with law enforcement. Counsel also argued that although Perry had pleaded guilty to two counts of identity theft, convictions for those crimes require that the defendant know that the social security numbers used actually belonged to other people, evidence that the government did not appear to have. Therefore, "it does not appear that the government's proofs as to counts two and three would withstand judicial scrutiny." (Resp. to Upward Variance Mot. 3, ECF No. 27.) Prior to sentencing, Perry entered into a Sentencing Agreement with the United States in which he took responsibility for additional losses to workers' compensation insurance programs, including $ 101,028.82 to U.S. Administrator Claims and $ 85,740.26 to Accident Fund Insurance Company.

The Presentence Investigation Report ("PSR") recommended a total offense level of 14[1] and a criminal history category of VI, resulting in a guideline imprisonment range of 37 to 46 months. (PSR ¶ 84, ECF No. 37.) At Perry's sentencing hearing, the government moved to dismiss Counts Two and Three in light of Perry's Opposition to the Upward Variance, but continued to request a 120-month sentence. I granted the government's motion and dismissed Counts Two and Three. Because Perry had taken responsibility for additional losses, the parties agreed that his guidelines range had increased to 57 to 71 months. Numerous individuals involved in the investigation of the fraud scheme and insurance company employees testified at the sentencing hearing. Detective Watson testified that he had asked Perry about additional frauds in which he might have been involved, but Perry could only remember some because "I think he's done so many, he could only tell me the recent ones." (Sentencing Hr'g Tr. 7, ECF No. 53.)

I sentenced Perry to 144 months' imprisonment, taking into consideration the sophistication of the frauds, his lengthy fraud-related criminal history, and the fact that he was not completely forthcoming regarding the extent of the fraud. I also ordered Perry to pay $324,914.98 in restitution. Perry's appeal of his

---

[1] The PSR listed Perry's base offense level as 17, but recommended a three-point reduction for acceptance of responsibility.

conviction and sentence was dismissed as untimely. *United States v. Perry*, 595 F. App'x 252 (4th Cir. 2015) (unpublished).

In this § 2255 motion, Perry alleges that counsel provided ineffective assistance by (1) improperly advising him to plead guilty to an Information charging crimes that he did not commit; (2) failing to rebut the government's rationale for an upward variance; (3) failing to challenge the loss amount; (4) failing to present mitigating evidence; and (5) failing to argue for a sentence below the guidelines range based on substantial assistance. Perry also argues that I abused my discretion at sentencing.

## II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Perry bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

A. Ineffective Assistance Claims.

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective

- 5 -

Case 1:14-cr-00003-JPJ   Document 77   Filed 06/09/16   Page 5 of 15   Pageid#: 543

assistance claims, however, are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686.

To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Gray v. Branker,* 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 690.

To satisfy the prejudice prong of *Stickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. When a defendant pleads guilty, he must show that there is a reasonable probability that, but for counsel's errors, he would have gone to trial instead. *Hill v. Lockheart*, 474 U.S. 52, 59, (1985). The inquiry is objective — a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the

circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Failure of proof on either *Strickland* prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

### 1. *Advised to Plead Guilty.*

Perry first argues that his counsel was ineffective for advising him to plead guilty to the two aggravated identity theft counts in his Information. Perry cannot establish any prejudice resulting from counsel's allegedly deficient advice to plead guilty to the identity theft counts despite the government's apparent lack of evidence for all of the elements of those offenses. Because counsel raised the evidentiary insufficiency at sentencing, the government moved to dismiss Counts Two and Three and I granted the motion. Absent proof of prejudice, Perry cannot establish ineffective assistance of counsel with regard to counsel's advice to plead guilty to Counts Two and Three. *Strickland*, 466 U.S. at 687.

### 2. *Failure to Rebut the Government's Evidence.*

Next, Perry argues that his counsel was ineffective for failing to rebut the government's evidence in support of an upward variance. Specifically, Perry alleges that counsel should have challenged the government's claim that he was not forthcoming about the extent of the fraud and should have argued that his criminal history, the amount of loss and the sophistication of the fraud did not warrant a sentence above the guidelines range. However, counsel made arguments

on all of these issues. In the Sentencing Memorandum and at the sentencing hearing, counsel noted that Perry admitted his criminal conduct and participated with law enforcement. Counsel explained that Perry's criminal conduct had been caused, in part, by substance abuse. Counsel also argued that the guidelines took into consideration the government's concerns regarding loss amount and criminal history, making an upward variance unjustified. Finally, counsel argued that a sentence of not more than 71 months was appropriate punishment for Perry's offense conduct, a sentence at the top of his guidelines range.

Ultimately, I was persuaded by the government's arguments over those of defense counsel, but it was not for failure by the defense to raise rebuttal arguments. *See Bell v. Evatt*, 72 F.3d 421, 429 (4th Cir. 1995) (explaining that an unsuccessful argument alone does not establish ineffective assistance). Because the record shows that counsel did object to the upward variance, Perry's claim lacks merit. *Strickland*, 466 U.S. 689 (noting that counsel's unsuccessful strategy does not suggest unreasonable or deficient representation).

Perry also argues that counsel should have relied on discovery — specifically benefits checks that Perry had cashed — to rebut the government's argument that he withheld information regarding two additional insurance companies that he defrauded. Perry points out that he provided the government with access to his checking account records, showing that he received numerous

checks from the supposedly undisclosed insurance companies. He faults counsel for failing to argue that these records belie any claim that he tried to conceal additional frauds.

The government argued that it was not aware of the additional insurance frauds until shortly before sentencing. Perry does not suggest that he affirmatively told the government about these additional frauds. Whether he deliberately withheld information or just could not remember all of the details of his fraud — as he alleges — is immaterial. Perry cannot establish prejudice. First, in accordance with Perry's argument, one of the agents who testified regarding the fraud stated that he thought Perry could not remember details of the fraud because he had engaged in so many. Moreover, in sentencing Perry, I considered the fact that he had "cooperated in this case by pleading guilty quickly." (Sentencing Hr'g Tr. 73, ECF No. 53.) I also noted that although I believed that he had "not been completely forthcoming and in fact did not disclose all of his crimes to the government," I agreed that "he did disclose some and assisted in any possible forfeitures that could take place in this case." (*Id*.) Ultimately, however, it was Perry's decades-long criminal record involving fraud and the fact that prior terms of incarceration for similar convictions did nothing to deter him from further fraudulent conduct, that justified the upward variance. Therefore, Perry cannot establish that had counsel argued that the government, through its discovery, was

- 9 -

Case 1:14-cr-00003-JPJ   Document 77   Filed 06/09/16   Page 9 of 15   Pageid#: 547

or should have been aware of the extent of the fraud, the result of the sentencing proceeding would have been different. *Strickland*, 566 U.S. at 694.

### 3. Inaccurate Accounting of Loss.

Next, Perry argues that counsel failed to object to an inaccurate accounting of the loss amount. In his Plea Agreement, Perry agreed to pay $138,145.90 in restitution to various insurance companies. (Plea Agreement 4-5, ECF No. 18.) Then, in a Sentencing Agreement to take into account further losses, he agreed to pay an additional $186,769.08, for a total of $324,914.98 in restitution. (Sentencing Agreement 1, ECF No. 29.) Perry argues that he received only $192,088.80 from the fraud and so his counsel should not have advised him to stipulate to the government's loss calculation.

Perry's argument fails for two reasons. First, his focus on the amount of money he actually received from insurance companies is misplaced. In making a loss calculation, the sentencing court must hold the defendant "responsible for the amount of loss which was intended, not the actual loss ultimately sustained." *United States v. Loayza,* 107 F.3d 257, 266 (4th Cir. 1997). Therefore, the relevant inquiry is not how much a defendant received from his fraudulent conduct, but rather the loss intended to result from the fraud.

Moreover, Perry signed the Plea Agreement and Sentencing Agreement, stipulating to the restitution amount. He averred that he had had ample time to

review and discuss the Plea Agreement with counsel. Perry cannot successfully claim now that counsel did not adequately inform him about the loss calculation. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false'"). Accordingly, Perry cannot establish that counsel provided ineffective assistance of counsel by advising him to agree to the loss amounts stipulated in the Plea and Sentencing Agreements. *Strickland*, 466 U.S. at 687.

*4. Failure to Present Mitigating Evidence.*

Next, Perry argues that counsel was ineffective because he did not call Perry's wife or children as character witnesses to testify at sentencing. Perry explains that counsel made a tactical decision not to call character witnesses "in an effort to save the court's time" and "was hopeful that this strategy would result in a more lenient sentence." (§ 2255 Mem. 18, ECF No. 60.) Defense counsel is given wide latitude to make strategic choices in developing a defense. *Strickland*, 466 U.S. at 690. Moreover, decisions regarding whether to call witnesses are precisely the sort of strategic decision[s] entrusted to the professional judgment" of counsel. *United States v. Dehlinger*, 740 F.3d 315, 325 (4th Cir. 2014). Because counsel made a tactical decision not to call witnesses at sentencing, and explained

- 11 -

this to Perry, Perry cannot establish a viable ineffective assistance of counsel claim. *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003).

### 5. *Failure to Argue for Substantial Assistance*

Lastly, Perry asserts that his counsel erred by failing to argue for a sentence reduction based on substantial assistance. The Federal Rules of Criminal Procedure allows the prosecution to move for a sentence reduction when a defendant has provided substantial assistance in the investigation or prosecution of another person. Fed. R. Crim. P. 35(b). The prosecution has the power, but not the duty, to file a motion for a sentence reduction when a defendant has provided substantial assistance to law enforcement. *Wade v. United States,* 504 U.S. 181, 185 (1992); *United States v. Butler,* 272 F.3d 683, 686 (4th Cir. 2001). A defendant, however, has no right to counsel in a Rule 35 proceeding, which is distinct from sentencing, so that ineffective assistance of counsel claims with regard to Rule 35 proceedings are generally uncognizable. *United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2005). Moreover, because any Rule 35 motion must come from the prosecution, counsel's failure to argue before me for a reduced sentence based on Rule 35 was reasonable. Accordingly, Perry's claim of ineffective assistance based on counsel's failure to argue for substantial assistance relief also fails.

B. Upward Variance in Sentencing.

Perry also argues that I abused my discretion by applying an upward variance from his guidelines range of 57 to 71 months, and sentencing him to 144 months in prison. In his Plea Agreement, Perry agreed to waive his right to collaterally attack his sentence and at his plea colloquy he stated that he understood that he was waiving this right. A defendant may knowingly and voluntarily waive such a right. *See Lemaster*, 403 F.3d at 220 ("Accordingly, we hold that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Because Perry is bound by his Plea Agreement and the statements made at his plea colloquy, I will dismiss his abuse of discretion claim as waived. *Id.* at 221.

This claim also lacks merit. After *United States v. Booker,* 543 U.S. 220 (2005), district courts are no longer bound by the range prescribed by the sentencing guidelines. *United States v. Hughes,* 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence post-*Booker,* courts still must calculate the applicable guideline range and consider other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a). *United States v. Diosdado-Star,* 630 F.3d 359, 364 (4th Cir. 2011). It is the district court's responsibility "to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Tucker,* 473 F.3d 556, 561 (4th Cir. 2007) (internal

- 13 -

quotation marks and citations omitted). A court may impose a variant sentence if it determines that a within-guidelines sentence is inadequate. *Id.* Before applying an upward variance, a court must explain its reasoning for doing so. *United States v. Wilkinson*, 590 F.3d 259, 271 (4th Cir. 2010). "Generally, if the reasons justifying the variance are tied to § 3553(a) and are plausible, the sentence will be deemed reasonable." *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006), *overruled on other grounds by Diosdado-Star*, 630 F.3d 359.

Here, at sentencing, I calculated the advisory guideline range, and carefully considered the arguments of counsel, Perry's allocution and all of the factors under 18 U.S.C. § 3553(a). Specifically, I took into account the sophistication of the fraud; multiple social security numbers were used to make false claims to multiple insurance companies. I also considered the seriousness of the crimes, and Perry's very serious pattern of fraudulent conduct, as well as adequate deterrence and the need to protect the public. (Sentencing Hr'g Tr. 75, ECF No. 53.) I concluded that Perry had a very lengthy criminal record, that "for decades he ha[d] persisted in the same serious, similar criminal conduct of stealing." (*Id.*) Prior prison terms had not deterred him, and based on his record, I concluded that it was likely that he would offend again. Therefore, I determined that an above guideline sentence "would serve the important purpose, again, attempting to deter him, but more importantly to protect the public from Mr. Perry." (*Id.* at 76.) My decision to

sentence Perry above his guidelines range was tied to the § 3553(a) factors and therefore, Perry cannot establish that he suffered a sentencing error justifying § 2255 relief. *Moreland*, 437 F.3d at 434.

### III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: June 9, 2016

/s/ James P. Jones
United States District Judge