# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| ) | |
| v.   ) | Case No. 1:14CR00003 |
| ) | |
| **CARLOS PERRY,** ) | |
| ) | |
| Defendant and Debtor,   ) | |
| ) | |
| and   ) | |
| ) | |
| **STATE FARM FIRE AND CASUALTY** ) | |
| **CO., its Successors and Assigns**,   ) | |
| ) | |
| Garnishee.   ) | |

## OPINION AND ORDER

*Krista Consiglio Frith, Assistant United Sates Attorney, Roanoke, Virginia, for United States; Carlos Perry, Pro Se Defendant and Debtor; and James N.L. Humphreys, Hunter, Smith & Davis, LLP, Kingsport, Tennessee, for Garnishee.*

The United States has filed an Application for Writ of Garnishment, seeking payment from the garnishee, State Farm Fire and Casualty Company, of the proceeds of an insurance claim owed to Carlos Perry, the defendant and debtor. By criminal judgment entered May 16, 2014, Perry was ordered to make restitution to various victims of his criminal conduct in the total amount of $324,914.98. J., ECF No. 35. The garnishee has answered the application, confirming that it owes Perry $8,000 as

a result of the settlement a claim by Perry under an homeowners insurance policy issued by the garnishee.  Perry has filed a claim for exemption from garnishment and a request for a hearing, on the ground the insurance funds will be used to purchase replacement furniture and tools of his trade that were lost as a result of the event covered by his insurance claim.  *See* I.R.C. § 6334(a)(2), (3).[1]

The claim for exemption has been fully briefed is ripe for determination.

The United States may enforce an order of restitution in accordance with the procedures for the enforcement of civil judgments under state or federal law and by all other available and reasonable means.  18 U.S.C. §§ 3613(a), (f), 3664(m)(1)(A)(i), (ii).  Federal debt collection allows the United States to proceed by garnishment.  28 U.S.C. § 3205.

Perry's claim for exemption is without merit.  "The exemptions set forth in § 6334(a)(1–3) apply to a person's tangible assets, not to money that may be used to purchase such tangible items."  *United States v. Krol*, No. 5:15-CR-00292-FL, 2018 WL 1792129, at *7 (E.D.N.C. Apr. 16, 2018) (internal quotation marks and citation omitted).

For these reasons, no hearing is necessary and the claim for exemption is DENIED.  The Application for Writ of Garnishment, ECF No. 113, is GRANTED.

---

[1] Property exempt from levy for taxes under the Internal Revenue Code is exempt from enforcement of a judgment for restitution.  18 U.S.C. § 3613(a)(1), (f).

-3-

A separate judgment will be entered herewith.

It is so **ORDERED**.

                                          ENTER:   October 22, 2021

                                          /s/  JAMES P. JONES
                                          Senior United States District Judge